IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND,<br><br>                 Plaintiff,<br><br>vs.<br><br>PETE'S PERFECTION PLUS, INC., an Illinois Corporation,<br><br>                 Defendant. | NO. 15-CV-10572<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT**

NOW COMES the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND") and the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant PETE'S PERFECTION PLUS, INC. ("PETE'S PERFECTION"), and in support allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§1132 and 1145.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the PENSION FUND and WELFARE FUND are administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois 60527 and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of

1

the events or omission giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The PENSION FUND and WELFARE FUND receive contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Space Workers, AFL-CIO, of Chicago and vicinity ("UNION"), and therefore are multi-employer plans under 29 U.S.C. §1002.

4. Pursuant to 29 U.S.C. §§1132(a)(3) and 1145, the PENSION FUND and WELFARE FUND are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

5. The UNION is the bargaining representative of Defendant PETE'S PERFECTION'S bargaining unit employees.

6. The Defendant PETE'S PERFECTION is an Illinois corporation with its principal place of business located in Wheeling, Illinois.

## COUNT I
## BREACH OF CONTRACT

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. PETE'S PERFECTION is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of the Collective Bargaining Agreement ("CBA") in 2008. (A copy of the CBA is attached as Exhibit 1).

9. Through the CBA and Participation Agreements, PETE'S PERFECTION agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the

PENSION FUND and the WELFARE FUND (hereinafter referred to as the "Trust Agreements").

10. Pursuant to the provisions of the CBA, Participation Agreements and Trust Agreements, Defendant PETE'S PERFECTION is required to make monthly reports of the number of weeks worked by Covered Employees and pay contributions to the PENSION FUND and WELFARE FUND for each week that a Covered Employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed. (Exhibit 1).

11. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the PENSION FUND and/or WELFARE FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus interest, and any reasonable attorney's fees and costs of maintaining suit.

12. In August 2013, the UNION and PETE'S PERFECTION negotiated a new CBA with the UNION (hereinafter referred to as the "2013 CBA"). (A copy of the 2013 CBA is attached as Exhibit 2).

13. The 2013 CBA was retroactive to April 1, 2013 and as a result PETE'S PERFECTION was required to submit contributions to the Trust Funds at the following rates:

| Effective Date of Rate: | Weekly Contribution Rate to Welfare Fund: | Weekly Contribution Rate to Pension Fund: |
|---|---|---|
| 4/1/2013 | $145.00 | $217.00 |
| 4/1/2014 | $160.00 | $230.00 |
| 4/1/2015 | $175.00 | $243.00 |

14. In 2014, the Board of Trustees of the PENSION FUND and WELFARE FUND reviewed the 2013 CBA and determined that it failed to comply with the terms of the Rehabilitation Plan the PENSION FUND was required to comply with pursuant to 29 U.S.C. §1085. As a result, PETE'S PERFECTION was informed that the UNION could not accept the new CBA.

15. PETE'S PERFECTION continued to pay contributions at the rates required under the CBA that expired on March 31, 2013 from April 2013 through August 2015 as follows: $155 per week per employee to the WELFARE FUND and $214.00 per week per employee to the PENSION FUND.

16. In 2015, the PENSION FUND's actuary determined that the PENSION FUND was no longer in Critical Status and the Rehabilitation Plan was no longer required. As a result, the CBA previously negotiated by the UNION and PETE'S PERFECTION in August 2013 was accepted by the Board of Trustees of the PENSION FUND and WELFARE FUND.

17. As a result, PETE'S PERFECTION underpaid the PENSION FUND and WELFARE FUND by submitting contributions at the lower rate of the expired CBA.

18. As of today's date, PETE'S PERFECTION owes $2,164.00 in PENSION FUND contributions from September 2014 through August 2015, and $1,400.00 in WELFARE FUND contributions from April 2014 through August 2015.

19. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from PETE'S PERFECTION.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. PETE'S PERFECTION is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, the Trust Agreements, and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant PETE'S PERFECTION in the amount of $2,164.00 for unpaid contributions to the PENSION FUND and $1,400.00 to the WELFARE FUND;

B. That Judgment be entered in favor of Plaintiffs and against Defendant PETE'S PERFECTION for liquidated damages and interest owed as a result of its failure to timely pay contributions;

C. That PETE'S PERFECTION be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant PETE'S PERFECTION's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

/s/ Matthew D. Grabell
One of Plaintiffs' Attorneys

Matthew D. Grabell
Jeffrey A. Krol
Johnson & Krol, LLC
300 S. Wacker Drive, Suite 1313
Chicago, IL 60606
(312) 372-8587